UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>$11,880.00 IN U.S. CURRENCY,<br><br>    Defendant in rem. | § § § § § § § § § § § § CIVIL ACTION NO. 4:10-cv-00966 |

**CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

IC Net Limited ("Claimant"), by and through his attorney of record, files this Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Forfeiture in Rem and respectfully state:

1. Claimant admits this is an action to forfeit property to the United States pursuant to 31 U.S.C. § 5317(c)(2), but denies that Plaintiff is entitled to any relief on those claims.

2. Claimant admits the allegations as to Defendant in rem in paragraph 2.

3. Claimant admits the allegations as to jurisdiction in paragraph 3.

4. Claimant admits the allegations as to venue in paragraph 4.

5. Claimant admits to the alleged basis for forfeiture in paragraph 5 as to the Defendant in rem, but deny that Plaintiff is entitled to relief on that basis.

6. Claimant denies the allegations in paragraphs 6 and 7.

7. Claimant denies that Plaintiffs are entitled to the relief requested in subparagraphs 8a, 8b, and 8c.

**AFFIRMATIVE DEFENSES**

9. Claimant asserts, as bailor, the innocent owner defense under 18 U.S.C. § 983(d) and has standing to claim this affirmative defense under 18 U.S.C. § 983(d)(6). The bailee is Kazuo Udagawa.  The Claimant transferred possession of the instant currency to the bailee for the purpose of paying for expenses associated with an international fisheries study.  With the currency now having been seized and subject to forfeiture, the Claimant, as innocent owner, is seeking to reclaim the instant currency.  Claimant asserts that it did not know of the conduct giving rise to forfeiture and, further, that the conduct was not reasonably foreseeable by the Claimant.  As an innocent owner, Claimant is entitled to the immediate remission of the defendant property to its possession.

10. The Plaintiff's attempt to forfeit the entire $11,880.00 is contrary to the Excessive Fines Clause of the Eighth Amendment.  A violation of the Clause requires the Court to immediately remit the defendant property to the Claimants.  *United States v. Hosep Krikor Bajakajian*, 118 S. Ct. 2028 (1998).

WHEREFORE, the Claimant, IC Net Limited, respectfully request the Court to dismiss this cause of action; to order the immediate remission of the defendant property to the Claimant; to award reasonable attorneys fees and other litigation costs pursuant to 28 U.S.C. § 2465(b)1(A); and to award pre-judgment interest pursuant to 28 U.S.C. § 2465(b)(1)(C).  Executed on October 10, 2010.

Respectfully submitted,

                                       GIVENS & JOHNSTON, PLLC

                                       By   /s/ Joseph Acayan  
                                       Joseph A. Acayan
                                       TBN: 24038730
                                       FED ID: 35063
                                       950 Echo Lane, Suite 360
                                       Houston, Texas 77024
                                       (713) 932-1540
                                       (800) 285-8042
                                       (713) 932-1542 (fax)

                                       ATTORNEY FOR CLAIMANT

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing CLAIMANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT has been filed via CM/ECF, and mailed to Albert Ratliff, Assistant United States Attorney, on the 10th day of October, 2010, at:

Albert Ratliff
U.S. Attorney's Office
P.O. Box 61129
Houston, Texas 77208

                                                /s/ Joseph Acayan
                                               Joseph A. Acayan
                                               Attorney for Claimants